**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:08-CV-00946 |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Michael O. Leavitt, Secretary of Health and Human Services (the "Secretary" or "Defendant"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1. The first sentence of this paragraph contains a characterization of Plaintiff's action, to which no response is required. The second sentence contains a characterization of the April 4, 2008 decision of the Provider Reimbursement Review Board ("PRRB"), which speaks for itself. Defendant denies any such characterization of the PRRB decision and respectfully refers the Court to the decision at Administrative Record ("A.R.") 5-12 for a complete and accurate statement of its contents. Defendant denies the final sentence.

2. The first sentence of this paragraph contains a characterization of Plaintiff's action, to which no response is required. The second and third sentences contain characterizations of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

3-5. These paragraphs contain characterizations of the Medicare statute, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of their contents.

6-7. Deny.

8. Deny the first sentence. The remainder of the paragraph contains characterizations of the Medicare statute, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of their contents.

9. Deny the first, second, third, and final sentences of this paragraph. The remaining sentence contains characterizations of the Medicare statute and published administrative decisions, which speak for themselves. Defendant denies any such characterizations and respectfully refers this Court to the cited provisions of the statute and the decisions for a complete and accurate statement of their contents.

10. The first sentence of this paragraph contains a characterization of Plaintiff's action, to which no response is required. Deny the second sentence.

11-12. These paragraphs contain characterizations of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterizations and

respectfully refers the Court to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

13. Deny.

14. The first two sentences of this paragraph contain characterizations of the fiscal intermediary's Notices of Program Reimbursement ("NPRs"), which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the NPRs at A.R. 415-25 and 640-51 for a complete and accurate statement of their contents. Defendant denies the third sentence.

15. Deny.

16. The first two sentences of this paragraph contain characterizations of the record and the PRRB decision, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the record, and to the PRRB decision at A.R. 5-12, for a complete and accurate statement of their contents. Defendant denies the third sentence of this paragraph.

17. Deny.

18-20. These paragraphs contain conclusions of law to which no response is required.

21. Admit that Plaintiff is the University of Texas M.D. Anderson Cancer Center in Houston, Texas, that it is a federally-designated comprehensive cancer center, and that it participates in the Medicare program as a "provider" of hospital services. Defendant lacks knowledge sufficient to form a belief as to the truth of the remainder of the paragraph and, on that basis, denies it.

22. Admit the first sentence. The second sentence contains a characterization of

Plaintiff's Complaint, to which no response is required.

23. Admit.

24-43. These paragraphs contain characterizations of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

44. The first two sentences of this paragraph contain characterizations of the November 13, 2000 Federal Register entry, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the cited provision of the Federal Register for a complete and accurate statement of its contents. The third sentence contains a characterization of Program Memorandum A-01-51, which speaks for itself. Defendant denies any such characterization and respectfully refers the Court to the Program Memorandum, which can be found at MEDICARE & MEDICAID GUIDE (CCH) ¶ 151,818, for a complete and accurate statement of its contents.

45-49. These paragraphs contain characterizations of the referenced stipulations and the PRRB decision, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the referenced stipulations at A.R. 115-21 and the PRRB decision at A.R. 5-12 for a complete and accurate statement of their contents.

50. Deny.

51. Admit.

52-55. These paragraphs contain characterizations of the Medicare statute and regulations, which speak for themselves. Defendant denies any such characterizations and

respectfully refers the Court to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

56-57. Admit.

58-59. These paragraphs contain characterizations of the NPRs, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the NPRs at A.R. 415-25 and 640-51 for a complete and accurate statement of their contents.

60. Admit.

61-63. These paragraphs contain Plaintiff's characterizations of the referenced stipulations, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the referenced stipulations at A.R. 115-121 for a complete and accurate statement of their contents.

64-66. These paragraphs contain characterizations of a letter dated July 14, 2005 and the revised NPRs, which speak for themselves. Defendant denies any such characterizations and respectfully refers the Court to the letter at A.R. 1025-41 and the revised NPRs at A.R. 635-39 and 879-83 for a complete and accurate statement of their contents.

67-68. Deny.

69-72. These paragraphs contain characterizations of the PRRB decision, which speaks for itself. Defendant denies any such characterizations and respectfully refers the Court to the PRRB decision at A.R. 5-12 for a complete and accurate statement of its contents.

73-74. Deny.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed to be required, Defendant denies

that Plaintiff is entitled to the relief requested or to any other relief. All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary will separately file a certified copy of the administrative record.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Registration No. 4202982
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372

/s/
ANDREW B. SPALDING
Attorney
D.C. Bar No. 501297
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
5309 Cohen Building
330 Independence Avenue S.W.
Washington, D.C. 20201
(202) 205-8705

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
for Litigation
United States Department of
Health and Human Services